

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VALERIE BOYER | )<br>)<br>) |
| Plaintiff, | )<br>)  No. 05 C 674 |
| v. | )<br>) |
| JO ANNE BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION, | )  George W. Lindberg<br>)  Senior United States District Judge<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pursuant to 42 U.S.C. § 405(g), Valerie Boyer ("Plaintiff") seeks judicial review of the Commissioner of the Social Security Administration's final decision to deny plaintiff Supplemental Security Income benefits for the time period April 26, 2000, to January 19, 2001, on the ground that plaintiff was not disabled. Plaintiff's complaint asks this court to reverse the Commissioner's decision and award benefits, or in the alternative, to reverse and remand the case for additional administrative hearings.

Plaintiff and defendant have filed cross-motions for summary judgment. Plaintiff's motion is granted in part and defendant's motion is hereby denied.

In reviewing the Commissioner's decision, this court is obliged to review all evidence in the administrative record, and to affirm the Commissioner's decision if supported by substantial evidence and free from legal error. *Ehrhart v. Secretary of Health and Human Services*, 969 F.2d 534, 538 (7th Cir. 1992). Additionally, the ALJ must articulate the reasons for her conclusions sufficiently to allow meaningful review by this court. *Walker v. Bowen*, 834 F.2d 635 (7th Cir. 1987). This court "may not decide facts anew, reweigh evidence, or substitute [its]

own judgment for that of the [Commissioner] . . . ." *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986).

Several issues are raised by plaintiff's complaint and the parties' cross-motions for summary judgment. The first issue is whether the ALJ improperly ignored evidence contrary to the ruling. The court agrees with plaintiff that the ALJ should have discussed evidence of plaintiff's visual deficiencies and should have adequately discussed her reasons for rejecting evidence of diabetic neuropathy.

An ALJ may not ignore an entire line of evidence that is contrary to the ruling because "[o]therwise it is impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence." *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). Further, the ALJ must minimally articulate reasons for rejecting or accepting evidence of disability. *Steward v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988) (citing *Stephens v. Heckler*, 766 F.2d 284, 287-88 (7th Cir. 1985)). Here, plaintiff presented evidence to contradict the agency's position on the issue of plaintiff's residual functional capacity to perform other work. At plaintiff's June 9, 2004, hearing before the ALJ, the vocational expert testified that no jobs would be available to plaintiff if she had limited visual acuity and limited dexterity in her hands.

Plaintiff advanced evidence of these deficiencies, but it was not adequately addressed by the ALJ. Plaintiff's vision with glasses was diagnosed by Dr. Scott Kale as 20/50 in her right eye and 20/70 in her left eye. Dr. Gurbax Saini diagnosed plaintiff's vision with glasses as 20/70 in the right eye and 20/40 in the left eye. Dr. Earl Donelan's residual functional capacity assessment indicated that plaintiff had limited far and near acuity and would not be able to

05 C 674

perform work requiring fine vision. However, Dr. E.C. Bone's assessment indicated that plaintiff had no visual limitations. In her decision finding plaintiff not disabled from April 26, 2000, to January 19, 2001, the ALJ did not address plaintiff's vision. If the ALJ chose to reject evidence of visual deficiency, her reasons for doing so should have been articulated. Although defendant argues this omission constitutes harmless error, the vocational expert's testimony suggests that consideration of this evidence and evidence of neuropathy could possibly have affected the outcome. As it is not the function of this court to assess evidence, the ALJ should have made clear her reasons for rejecting this line of evidence.

Further, the ALJ did not adequately explain her rejection of evidence relating to plaintiff's neuropathy. The ALJ properly rejected plaintiff's claims of lower extremity diabetic neuropathy because they were unsupported by medical evidence. As defendant notes, Dr. McCracken's Doppler studies support this conclusion. The ALJ's only other mention of the issue was her unelaborated finding of "no evidence of neuropathy." However, evidence of upper extremity neuropathy should have been addressed. The record contains evidence which may support or refute plaintiff's claims of diabetic neuropathy and resulting numbness in her hands. Given the vocational expert's testimony as to the importance of plaintiff's use of her hands, further articulation of the ALJ's assessment of this evidence is required for informed review of the ALJ's decision.

Thus, because the ALJ did not adequately explain her rejection of evidence relevant to plaintiff's residual functional capacity to perform other work, this court cannot say that the ALJ's determination that plaintiff was not disabled is supported by substantial evidence.

3

05 C 674

The next issue is whether the ALJ improperly rejected treating physician Dr. Marko Krpan's opinion that plaintiff was disabled. Medical opinions are considered in light of all other evidence in the record, and may be discounted if they are inconsistent with other evidence or are internally inconsistent. 20 C.F.R. § 416.927(b)-(c) (2005). Under 20 C.F.R. § 416.927(d), when a treating source's opinion is not given controlling weight, the Commissioner is to consider several factors and explain her reasoning in determining the weight given to that opinion. Here, the ALJ considered the length and frequency of treatment, inconsistencies in Dr. Krpan's treatment notes, and the fact that disability is an issue reserved to the Commissioner. The ALJ found that because Dr. Krpan only saw plaintiff twice during the period at issue and his treatment notes did not indicate any evidence of a Listing-level impairment, that his conclusion of disability should be given little weight. The record supports these findings and the ALJ's decision to give Dr. Krpan's opinion little weight.

Finally, plaintiff argues the ALJ's determination that plaintiff was not credible with regard to her medical condition was deficient. "[A]n ALJ's credibility finding will not be disturbed unless it is patently wrong." *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995). Here, the ALJ found plaintiff not credible because of inconsistencies within her statements and supporting evidence. This finding is not patently wrong, but rather is supported by the record.

**ORDERED**: Valerie Boyer's motion [15] is granted in part and denied in part. Her request that the Commissioner of the Social Security Administration's decision be reversed and remanded is granted. Her request that the Commissioner of the Social Security Administration's

4

05 C 674

decision be reversed with benefits awarded is denied. The Commissioner of the Social Security Administration's motion is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is reversed and the case is remanded to the ALJ for further proceedings consistent with this Memorandum and Order. Judgment reversing and remanding the case will be set forth on a separate document and entered in the civil docket. F.R.C.P. 58, 79(a).

ENTER:

*/s/ George W. Lindberg*
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: August 11, 2005